UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE WESLEY HUBBARD, Jr., | No. 2:20-cv-01232 GGH P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| GLENN COUNTY SUPERIOR COURT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Nevertheless, the undersigned will recommend summary dismissal of the pending petition based on a failure to raise a federal cognizable claim.

For his single ground for relief, petitioner argues "[t]he court imposed a prison prior enhancement that has since been revised. Penal Code § 667.5(b), as currently written, no longer applies to my case." ECF No. 1 at 3. Petitioner was convicted and sentenced in Glenn County Superior Court for vehicle theft with priors (Cal. Pen. Code § 666.5) and received a sentencing enhancement for prior felonies (Cal. Pen. Code § 667.5(b)). Id. at 2, 26.

////

////

A writ of habeas corpus is available under 28 U.S.C.§ 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1983); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Petitioner argues his sentencing enhancement pursuant to Cal. Pen. Code § 667.5(b) should be stricken based on the reclassification of certain felony offenses to misdemeanors by Proposition 47. Petitioner filed a resentencing petition with the state superior court and was denied because the court determined that the changes created by Proposition 47 to Cal. Pen. Code § 667.5(b) were not retroactive and did not apply to petitioner's final judgment. See ECF No. 1 at 8. However, here, a challenge to a state court's application of enhancements pursuant to California Penal Code § 667.5(b), as applied to petitioner's request for resentencing based on Proposition 47, is not a cognizable federal claim. Accordingly, petitioner's challenge to errors of state law is not a cognizable federal claim under 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Advisory Committee Notes to Rule 8 also indicates that the court may deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. In the instant case, it is plain from the petition and the exhibits provided that petitioner is not entitled to federal habeas relief. Therefore, the petition should be summarily dismissed.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.[1]

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed; and

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: August 7, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] Nothing in this Findings and Recommendations precludes petitioner from seeking appropriate relief in the state courts.  Indeed, before this federal court could act on the merits of the petition (assuming for the moment that a federal claim had been stated), the claim would have to be presented to the California Supreme Court via a habeas petition.  Such a presentation, apparently, has not been made.